**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ANN LOVELACE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : Case No.: 1:13-CV-38 (WLS) <br> KEITH TAYLOR, SCOTT A. KRAMER, : <br> W. CHRISTOPHER BRACKEN, and : <br> MATTHEW LINKIE, : <br> : <br> Defendants. : <br> : | |

**ORDER**

On October 2, 2013, the Court issued an Order to Show Cause, ordering that Plaintiff *pro se* show good cause in writing as to why her Complaint (Doc. 1) should not be dismissed because of her failure to prosecute her case. (Doc. 4.) The Court noted that Plaintiff has failed to perfect service in accordance with the Federal Rules of Civil Procedure and the orders of this Court. (*Id.*) The Court gave Plaintiff *pro se* a deadline of October 23, 2013, to respond to the Order to Show Cause. (*Id.*) The Court noticed and advised Plaintiff *pro se* that a failure to comply with the Court's Order to Show Cause would result in dismissal of Plaintiff *pro se*'s action with prejudice without further proceedings. (*Id.*)

The October 23, 2013 deadline for Plaintiff *pro se*'s response to the Court's Order to Show Cause has now expired, and still there has been no response or perfection of service from Plaintiff *pro se.* Therefore, the Court finds it appropriate to dismiss the above-captioned matter for Plaintiff *pro se*'s failure to prosecute. A "district court's power to control its docket includes the inherent power to dismiss a case." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 998

1

(11th Cir. 1983). Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal of a case is permitted "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Eleventh Circuit precedent holds that "[t]he legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The Court finds that Plaintiff has failed to prosecute her case and has failed to comply with the Court's Orders. Thus, there is a clear record of delay.

The Court recognizes that Plaintiff is proceeding *pro se*, and consistent with the federal courts' deference to *pro se* litigants, this Court will not harshly dismiss with prejudice Plaintiff's Complaint. *See McCormick v. FNU Alligood*, No. CV 308-084, 2009 WL 256751, at *2 (S.D. Ga. Feb. 3 2009) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Rather, the Court is dismissing Plaintiff's case without prejudice. The Court finds that lesser sanctions would not suffice. *See Goforth*, 766 F.2d at 1535.

Therefore, it is **ORDERED** that Plaintiff *pro se*'s Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's Order to Show Cause.

**SO ORDERED**, this   24th   day of October, 2013.

                                                      /s/ W. Louis Sands  
                                                     **THE HONORABLE W. LOUIS SANDS,**  
                                                     **UNITED STATES DISTRICT COURT**